```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
ADRIAN ROCHE,                               :
                                            :       CASE NO. 1:10-CV-1819
             Petitioner,                    :
                                            :
vs.                                         :       OPINION & ORDER
                                            :       [Resolving Doc. Nos. 23 & 24]
CYNTHIA HARTZ,                              :
                                            :
                                            :
             Respondent.                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this child custody case brought under the Hague Convention on the Civil Aspects of Child Abduction, Petitioner Adrian Roche moves for default judgment on the ground that Respondent Cynthia Hartz has failed to plead in response. [Doc 23.] Responding, Hartz moves for leave to file her answer *instanter*. [Doc. 24.]

Petitioner Roche filed a Verified Petition on August 18, 2010. [Doc. 1.] Respondent Hartz filed a Motion to Strike on September 14, 2010 which the Court denied on September 29. [Doc. 13; Doc. 20.] Respondent had until October 13, 2010 to file an answer, but did not. *See* Fed. R. Civ. P. 12(a)(4)(A).

The law disfavors default judgments. *See, e.g., Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-95 (6th Cir. 1986) (noting "strong preference for trials on the merits in federal courts"). And whether to grant a motion for default judgment is subject to the court's discretion. *Duncan v. Speach*, 162 F.R.D. 43, 45 (E.D. Pa. 1995).

-2-

Case No. 1:10-CV-1819
Gwin, J.

In this case, it does not appear that the Petitioner will suffer prejudice from denying default judgment. Indeed, the Case Management Conference is not until December 3, 2010. Further, the relatively short length of the delay in answering the complaint weighs in favor of denying default. Finally, there is no indication that the Respondent's delay was fueled by an improper motive. These circumstances—with a child's custody a stake—lead the Court to deny default judgment.

The Court therefore **DENIES** Petitioner's motion for default judgment and **GRANTS** Respondent's motion for leave to file an answer.

IT IS SO ORDERED.


Dated: November 1, 2010                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE