```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
ADRIAN ROCHE,                             :
                                          :     CASE NO. 1:10-CV-1819
               Petitioner,                :
                                          :
vs.                                       :     OPINION & ORDER
                                          :     [Resolving Doc. No. 40]
CYNTHIA HARTZ,                            :
                                          :
                                          :
               Respondent.                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this child custody case brought under the Hague Convention on the Civil Aspects of Child Abduction, Respondent Cynthia Hartz files motion under Federal Rule of Civil Procedure 15(a) requesting leave to amend her answer to include an additional statute of limitations affirmative defense. [Doc. 40.] Petitioner Roche does not consent. [Doc. 40 at 2.]

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." The decision whether "justice so requires " the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The Supreme Court has directed that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Case No. 1:10-CV-1819
Gwin, J.

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute . . . .

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted).

Under the standard set forth by the Supreme Court in *Forman*, the Court finds that leave to allow the amended answer is proper. The Court held a case management conference on December 4, 2010. During the conference, the parties indicated that discovery was ongoing and that depositions would be completed in early January 2011. Knowing that discovery was fluid, the Court declined to establish a deadline to amend the pleadings, but did close discovery on January 27, 2011. Thus, because the Respondent's motion to amend comes only four days after the close of discovery, the Court does not find any undue delay or a dilatory motive on the part of the Respondent.

Having determined that there are valid grounds for the amendment, the Court proceeds to determine whether allowing the amendment would cause undue prejudice to the Petitioner. True, the amendment will slightly expand the case. However, the Court is not convinced that this enlargement will cause prejudice. Although the legal theory upon which this affirmative defense is based is new, the underlying factual matter is the same.

Accordingly, the Court **GRANTS** Respondent's motion to amend her answer.

IT IS SO ORDERED.

Dated: February 1, 2011                    *s/ James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE